IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| KEVIN SMITH § | | |
|     TDCJ-CID NO. 1451305 § | | |
| v. § | | C.A. NO. V-12-1 |
| § | | |
| RICK THALER § | | |

**OPINION DENYING PETITIONER'S MOTION FOR AN**
**EVIDENTIARY HEARING AND PRODUCTION OF DOCUMENTS**

Petitioner is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division, and is currently incarcerated at the Stevenson Unit in Cuero, Texas. Proceeding pro se, he filed a habeas petition pursuant to 28 U.S.C. § 2254 challenging a state conviction. (D.E. 1). Pending is petitioner's motion for an evidentiary hearing. (D.E. 6, at 2). He also motions for the production of legal documents. Id.

Rule 8(a) of the Rules Governing Section 2254 Cases states that "[i]f the petition is not dismissed, the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." Rule 8(c) further requires that "[t]he judge must conduct the hearing as soon as practicable after giving the attorneys adequate time to investigate and prepare." The Fifth Circuit has explained that "[a] hearing in a habeas proceeding is required only when, *inter alia*, the record reveals a genuine factual dispute." Tague v. Puckett, 874 F.2d 1013, 1015 (5th Cir. 1989) (emphasis added); see also Murphy v. Johnson, 205 F.3d 809, 815-16 (5th Cir. 2000) (discussing the basis for an evidentiary hearing).

Petitioner is challenging his conviction for retaliation by the 252nd Judicial District Court in Jefferson County, Texas. (D.E. 1, at 2). In the pending motion, he simply requests an

evidentiary hearing to attack a consecutive sentence. (D.E. 6, at 2). Respondent has not yet filed an answer. If an evidentiary hearing is determined to be necessary, then one will be set.

A habeas petitioner is generally not entitled to discovery. Rather, "Rule 6 of the Rules Governing § 2254 cases permits discovery <u>only if and only to the extent that the district court finds good cause</u>." <u>Murphy</u>, 205 F.3d at 814 (emphasis added); <u>see</u> <u>also</u> <u>United States v. Webster</u>, 392 F.3d 787, 801 (5th Cir. 2004) ("A habeas petitioner may 'invoke the process of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise.'") (citation omitted). The Fifth Circuit has explained that "[i]n order to establish good cause, the petitioner must demonstrate that 'a factual dispute, if resolved in the petitioner's favor, would entitle him to relief and the state has not afforded the petitioner a full and fair evidentiary hearing.'" <u>Lave v. Dretke</u>, 416 F.3d 372, 381 (5th Cir. 2005) (quoting <u>Ward v. Whitley</u>, 21 F.3d 1355, 1367 (5th Cir. 1994)).

Regarding the request for documents, petitioner specifically requests "certified copies of indictment, commitment, order of judgment and transcripts of legal proceedings in reference to County Cause No. 93744." (D.E. 6, at 2). Again, respondent has not yet filed an answer. Moreover, petitioner has not demonstrated why he needs these documents in support of his petition.

Accordingly, it is ORDERED that petitioner's motion for an evidentiary hearing, (D.E. 6), be DENIED without prejudice. Furthermore, it is ORDERED that petitioner's motion for the production of legal documents, (D.E. 6), be DENIED without prejudice.

ORDERED this 20th day of January 2012.

                                                                                   _____
                                                                                   BRIAN L. OWSLEY
                                                                                   UNITED STATES MAGISTRATE JUDGE